UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUSU K. DRAMMEH,<br><br>                              Plaintiff,<br><br>                   -v.-<br><br>MARSHALLS OF MA, INC. et al.,<br><br>                              Defendants. | 24 Civ. 109 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

On January 5, 2024, Defendants removed this case from the Supreme Court of New York, Bronx County.  *See* ECF No. 1 (Not. of Removal).  Defendants invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  *Id.* ¶ 5.

For the reasons set forth below, this case is REMANDED to the Supreme Court of New York, Bronx County.

## I.      BACKGROUND

On June 16, 2021, Plaintiff Musu K. Drammeh commenced this action in the Supreme Court of New York, Bronx County.  *See* ECF No. 1 Ex. A (Complaint).  Plaintiff seeks damages for injuries allegedly sustained in a May 15, 2021 accident on the premises of Defendants' store when "she was caused to fall and be precipitated violently to the ground due to an accumulation of liquid on the floor."  *Id.* ¶ 40.

The Notice of Removal, filed January 5, 2024, attached as exhibits (A) Plaintiff's Summons and Verified Complaint; (B) Defendants' Verified Answer; (C) Plaintiff's Second Supplemental Response to Defendants' Discovery Demands, dated December 7, 2023; (D) Defendants' initial discovery demands; (E) Defendants' letters to Plaintiff, dated October 5, 2021, November 5, 2021, February 28, 2022, September 28, 2022, November 28, 2022, May 26,

2023, July 6, 2023, and August 23, 2023, seeking Plaintiff's response to Defendants' Demand for Damages; (F) orders from the State Supreme Court, dated December 29, 2021 and July 29, 2022, directing Plaintiff to respond to Defendants' outstanding discovery demands, including Defendants' Demand for Damages; (G) Defendants' motion, dated December 13, 2022, for an order directing Plaintiff to respond to Defendants' Demand for Damages, and the resulting court order dated April 20, 2023; (H) Defendants' motion dated October 18, 2023, again seeking Plaintiff's response to Defendants' Demand for Damages, the sole motion to which Plaintiff responded.  *See* ECF Nos. 1-1 (Ex. A); 1-2 (Ex. B); 1-3 (Ex. C); 1-4 (Ex. D); 1-5 (Ex. E); 1-6 (Ex. F); 1-7 (Ex. G); 1-8 (Ex. H).

Plaintiff has not moved to remand or otherwise appeared.

## II.   LEGAL STANDARDS

Removal jurisdiction exists only if the action is one over which the district court would have original jurisdiction.  *See* 28 U.S.C. § 1441(a).  Diversity jurisdiction lies where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *Id.* § 1332(a).

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."  *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)); *see also Reed v. Marvin Lumber & Cedar Co., LLC*, No. 22 Civ. 09701 (PMH), 2022 WL 16960963, at *2 (S.D.N.Y. Nov. 16, 2022) ("While defendants need not 'prove the amount in controversy to an absolute certainty,' they have 'the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" (remanding case *sua sponte*)). "[C]ourts 'have an independent obligation to determine whether subject-matter jurisdiction

exists, even in the absence of a challenge from any party.'" *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see also Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

### III.    DISCUSSION

Defendants have failed to establish that the amount in controversy exceeds $75,000. Plaintiff's Complaint seeks damages "in a sum which exceeds all jurisdictional limits of the lower courts."  ECF No. 1 Ex. A (Complaint).  "This is obviously a reference to the lower civil courts of New York (which may not entertain actions seeking more than $25,000). . . . It is not a reference to federal district courts, any more than it is a reference to the courts of Thailand." *Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, No. 19 Civ. 4390 (JPO), 2019 WL 2193820, at *2 (S.D.N.Y. May 21, 2019) (remanding case *sua sponte*).  Using "boilerplate language . . . with no detailed allegations about the facts or the nature of any injuries," *id.*, the Complaint alleges that Plaintiff "was wounded, bruised and injured, and has been caused to suffer severe physical pain and mental anguish," Complaint ¶ 44.  Without "any information concerning the nature and extent of Plaintiff's injuries, the treatment he received, or other losses he conceivably suffered[,] . . . the Court is left to guess at the amount in controversy."  *Valente v. Garrison From Harrison LLC*, No. 15 Civ. 6522 (DLI) (MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (remanding case *sua sponte* where the complaint contained "boilerplate allegations that [p]laintiff 'sustained severe personal injuries, was rendered sick, sore, lame and disabled,

3

required medical attention, suffered pain, will continue to suffer and will require medical attention in the future.'") (citation omitted)).

For its part, the Notice of Removal asserts that Plaintiff's "Second Supplemental Response to Defendants' Discovery Demands [('Plaintiff's Response')] . . . . confirmed, for the first time, that the amount in controversy exceeds $75,000 . . . [because Plaintiff] claimed damages in the sum of $2,000,000." Not. of Removal ¶ 6.  In fact, Plaintiff's Response, attached as Exhibit C to the Notice of Removal, demands damages in an "amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial. . . . Upon information and belief, Plaintiff has been damaged in the amount of two million dollars ($2,000,000.00)." *Id.* Ex. C. Plaintiff's Response lacks any factual allegations to support this sum, however, much less "plausible allegations."  *See Kurland & Assocs., P.C. v. Glassdoor, Inc.*, No. 19 Civ. 08070 (PAE), 2020 WL 4016816, at *2 (S.D.N.Y. July 16, 2020) ("[T]here must at least be plausible factual allegations—either in the underlying state court complaint or in the defendant's notice of removal—supporting a determination that the value of the claim exceeds [$75,000].");  *SPT Chatsworth Holdings v. Chatsworth Realty Corp.*, No. 20 Civ. 8502 (PKC), slip op. at 2 (S.D.N.Y. Oct. 19, 2020) ("[A]llegations upon information and belief . . . must be accompanied by a statement of the facts upon which the belief is founded.").  Thus, the Court cannot determine whether the amount in controversy exceeds the jurisdictional threshold.  *Gargano v. Murphy*, No. 22 Civ. 00242 (PKC), 2022 WL 227234, at *2 (E.D.N.Y. Jan. 26, 2022) (dismissing for lack of subject matter jurisdiction complaint seeking $1,500,000 in damages where plaintiff offered "no facts from which the Court can infer that the amount in controversy in fact exceeds $75,000").

Federal courts must "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citation omitted). The Second Circuit has "h[e]ld that if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* at 273-74.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that Defendants have failed to satisfy their "burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).  Accordingly, this action is REMANDED to the Supreme Court of New York, Bronx County.  The Clerk of Court is directed to terminate all open motions, send a copy of this Order to the Supreme Court of New York, Bronx County, and close the case.

SO ORDERED.

Dated: February 29, 2024
        New York, New York

JENNIFER H. REARDEN
United States District Judge